UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELANIE CHANEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br><br>　　　　　Defendant. | Case No. 2:16-cv-01418-APG-CWH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 5) |

　　　　Plaintiff Melanie Chaney brings Fair Debt Collection Practices Act (FDCPA) claims against defendant Bayview Loan Servicing, LLC based on mortgage statements it allegedly sent her after she received a bankruptcy discharge and the mortgaged property was sold by the bankruptcy trustee. Bayview moves to dismiss the complaint, contending that Chaney's sole remedy for a violation of a bankruptcy court's discharge order is a contempt motion in bankruptcy court.

　　　　Bayview is correct. In *Walls v. Wells Fargo Bank, N.A.*, the Ninth Circuit explained that, because the Bankruptcy Code provides no private right of action for violation of a bankruptcy court's discharge order, a plaintiff cannot bring a functionally equivalent claim under the FDCPA. 276 F.3d 502, 510 (9th Cir. 2002) ("This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt.").

　　　　Chaney's attempts to distinguish *Walls* are unavailing. First, she argues *Walls* involved the original creditor specifically enjoined by the bankruptcy discharge, whereas Bayview was not a party to the bankruptcy proceeding. This distinction is unimportant, as a discharge protects the debtor "against the commencement or continuation of an action . . . to collect . . . any such debt as a personal liability of the debtor . . . ." 11 U.S.C.A. § 524. All creditors are bound, even if not

specifically named.  Second, Chaney argues she can no longer seek the contempt remedy in the bankruptcy court because Bayview sent the mortgage statements three years after she received the discharge order.  Chaney cites no authority for this, and indeed the Code protects debtors from a post-discharge "commencement" of an action to collect a debt. *Id.*  Third, Chaney points out that *Walls* barred a plaintiff from simultaneously bringing FDCPA and Bankruptcy Code-based claims, whereas Chaney brings only FDCPA claims.  The reasoning of *Walls*, however, applies to this case as well.  To allow an FDCPA claim based on a violation of a bankruptcy discharge order "would allow through the back door what [Chaney] cannot accomplish through the front door—a private right of action." *Walls*, 276 F.3d at 510.

    I therefore dismiss Chaney's FDCPA claim, though with leave to amend if she can properly state a claim founded on something other than the alleged violation of the discharge injunction.

    IT IS THEREFORE ORDERED that defendant Bayview Loan Servicing, LLC's motion to dismiss **(ECF No. 5) is GRANTED** with leave to amend.  Chaney may file an amended complaint within 21 days of entry of this order.  If she does not, this file will be closed.

    DATED this 14th day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE